IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CIVIL ACTION NO. 1:26-cv-01035-MGL  _____

| | |
|---|---|
| UTICA NATIONAL ASSURANCE COMPANY AND UTICA MUTUAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>CL ANDERSON HOLDINGS, LLC d/b/a GEORGE FUNERAL HOME AND CREMATION CENTER AND CODY ANDERSON<br><br>Defendants. | **COMPLAINT FOR<br>DECLARATORY JUDGMENT** |

COMES NOW, Plaintiff, Utica National Assurance Company ("Utica National") and Utica Mutual Insurance Company ("Utica Mutual") complaining of CL Anderson Holdings, LLC d/b/a George Funeral Home ("CL Anderson") and Cody Anderson ("Cody Anderson") (collectively "Defendants") (Utica National, Utica Mutual and Defendants are collectively referred to as the "Parties") and seeking a declaratory judgment, alleges and states the following:

1.     This is a Complaint for a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, in which Utica seeks a determination of its rights and responsibilities under specific policies of insurance issued to CL Anderson.

2. Utica National was at all relevant times a corporation duly formed and existing by virtue of the laws of the State of New York. At all times relevant to this Complaint, Utica National was licensed to conduct business throughout the State of South Carolina.

3. Utica Mutual was at all relevant times a corporation duly formed and existing by virtue of the laws of the State of New York. At all times relevant to this Complaint, Utica Mutual was licensed to conduct business throughout the State of South Carolina.

4. CL Anderson was at all relevant time a limited liability company duly formed and existing by virtue of the laws of the State of South Carolina. At all times relevant to this Complaint, CL Anderson was licensed to conduct business throughout the State of South Carolina.

5. At all relevant times Cody Anderson was a citizen and resident of Aiken County, South Carolina.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c)(1) in that Defendants are residents of South Carolina.

8. This Declaratory Judgment action arises out of a lawsuit styled *Donna Graham and Russell Gunter v. Cody Anderson, et al.,* 2025CP0200047, pending in the Court of Common Pleas of County of Aiken, South Carolina (the "Lawsuit").

9. The damages claimed in the Lawsuit arises out of the alleged debt collection activities of Defendants.

10. Utica National has, and continues to provide a defense for Defendants in the Lawsuit subject to a strict reservation of rights. A true and correct copy of the reservation of rights letter (the "ROR Letter") is attached hereto as Exhibit "A" and incorporated herein.

### The Utica Policies

11. Utica National issued a Businessowner's Policy, Policy No. 5471448 ("BOP") to CL Anderson, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein.

12. Utica Mutual issued a Commercial Liability Umbrella Policy, Policy No. 5471451 ("Umbrella") to CL Anderson, a true and correct copy of which is attached hereto as Exhibit "C" and incorporated herein.

13. The BOP and Umbrella are collectively referred to as the "Policies."

14. The Policies had effective dates of August 24, 2021 through August 24, 2022.

15. The BOP was renewed on August 24, 2022 but was cancelled due to nonpayment of premium on March 23, 2023.

16. Utica National provided a defense of the Lawsuit, under a reservation of rights, based solely on allegations in the Lawsuit for wrongful eviction, arising from an eviction letter sent by Defendants (the "Eviction Notice").

17. On or about December 15, 2025, Cody Anderson testified in the Lawsuit about the Eviction Notice, which is dated April 25, 2024.

18. The Eviction Notice was sent after the Policies terminated.

19. As specified in more particularly in the ROR Letter and herein, the Policies do not provide coverage for the allegations in the Lawsuit.

## COUNT ONE
### (Declaratory Judgment)

20. Utica National and Utica Mutual incorporate as if fully set forth herein the allegations contained within the above paragraphs.

21. There exists an actual, substantial and justiciable issue in controversy between the Parties hereto with respect to the obligations, or lack thereof, of Utica National and Utica Mutual concerning coverage to Defendants under the Policies appurtenant to the Lawsuit.

22. A judicial determination and a declaration of the rights and obligations of the Parties is necessary and appropriate at this time because Utica National and Utica Mutual have no adequate remedy at law which will resolve the current controversy.

23. Utica National and Utica Mutual hereby assert application of all of the terms, provisions, conditions, exclusions and other language of the Policies as a basis for the contention set forth herein that Defendants are not owed coverage by either Utica National or Utica Mutual for the allegations in the Lawsuit.

24. Utica National and Utica Mutual specifically pray the Court enter a Declaratory Judgment that neither Utica National nor Utica Mutual have any further obligation to defend Defendants in the Lawsuit, including any appeals.

25. Utica National and Utica Mutual specifically pray the Court enter a Declaratory Judgment that neither Utica National nor Utica Mutual have any obligation to indemnify Defendants for any damages, fees or costs awarded in the Lawsuit, including, but not limited to, compensatory damages awarded, punitive damages awarded, or any award of attorney fees and costs.

WHEREFORE, Utica National and Utica Mutual pray for relief as follows:

1. For a declaration that neither Utica National nor Utica Mutual have any further obligation to defend Defendants in the Lawsuit, including any appeals;

2. For a declaration that neither Utica National nor Utica Mutual have any obligation to indemnify Defendants for any damages, fees or costs awarded in the Lawsuit, including, but not limited to, compensatory damages awarded, punitive damages awarded, or any award of attorney fees and costs;

3. For an award of attorneys' fees and costs pursuant to law;

4. For trial by jury as to all issues of fact; and

5. For such other and further relief as the Court may deem just and proper.

                                      MCANGUS GOUDELOCK & COURIE, PLLC

                              s/ Brett H. Bayne
                              BRETT H. BAYNE
                              Fed ID No. 11857
                              brett.bayne@mgclaw.com
                              LAUREN T. MODZELEWSKI
                              Fed ID No. 13984
                              lauren.modzelewski@mgclaw.com
                              1320 Main Street, 10th Floor
                              Columbia, South Carolina 29201
                              Telephone: (803) 779-2300
                              Facsimile: (803) 748-0526
                              Counsel for Plaintiff

March 6, 2026